IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

|  |  |
|---|---|
| JONATHAN HERNANDEZ, <br>     Plaintiff, <br> <br> v. <br> <br> SPRING OAKS CAPITAL, LLC, <br> TRAVELERS CASUALTY AND <br> SURETY COMPANY OF AMERICA, <br>     Defendants. | Case No.:  5:24-cv-52 |

## COMPLAINT

Plaintiff Jonathan Hernandez ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against Spring Oaks Capital, LLC, ("Spring Oaks") and Travelers Casualty and Surety Company of America ("Travelers") (both collectively referred to as "Defendants") and alleges as follows:

### NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the Texas Finance Code ("TFC") § 392.001, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over Defendants because these companies regularly conducted business activities in the State of Texas in order to profit from their endeavors in this state, thus purposefully availing themselves of the benefits of doing business here.

1

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

6. The Plaintiff, Jonathan Hernandez ("Plaintiff"), is an adult individual residing in Lubbock County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Spring Oaks is a Delaware company operating from Virginia.

8. Spring Oaks can be served in the state of Texas via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. Spring Oaks is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. Travelers is a foreign entity that can be served in the state of Texas via its registered agent in Texas, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

11. Travelers is liable for acts committed by Spring Oaks pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Travelers is liable on bond number 107310742.

## **FACTUAL ALLEGATIONS**

12. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Specifically, Plaintiff believes the account was an old credit card account that allegedly was not fully repaid.  The funds from the Account were used to pay for various personal effects such as gas for his automobile, food, clothing and such, and not for any business purposes.

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was sold to or otherwise transferred to Spring Oaks for collection.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. Plaintiff disputes the amount Spring Oaks are attempting to collect on the Account.

17. Plaintiff requests that Spring Oaks cease all further communication on the Account.

18. During the one year prior to the date of the filing of this Complaint, Spring Oaks and/or representative(s), employee(s) and/or agent(s) of Spring Oaks made telephone calls to Plaintiff to collect the Account.

19. On or about November 30, 2023, Spring Oaks called Plaintiff in a harassing manner by calling him at 10:38 at night.

20. It was inconvenient for Plaintiff to receive phone calls from Spring Oaks at 10:38 p.m.

21. Plaintiff was asleep at the time of the call referenced above and this harassing phone call from Spring Oaks interrupted his sleep.

22. When Spring Oaks paced the telephone call referenced above, Spring Oaks caused Plaintiff's telephone to ring repeatedly.

23. When it placed the telephone call referenced above, Spring Oaks did not disclose its name.

24. The November 30, 2023 phone call referenced above was meant to annoy and/or harass Plaintiff.

25. Spring Oaks's purpose for the telephone call(s) described above was to attempt to collect the Account.

26. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

27. The telephone call(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

28. The only reason that Spring Oaks and/or representative(s), employee(s) and/or agent(s) of Spring Oaks made telephone call(s) to Plaintiff was to attempt to collect the Account.

29. All of the act(s) and omission(s) by Spring Oaks and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully by Spring Oaks.

30. As a consequence of Spring Oaks 's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

31. The representative(s) and/or collector(s) at Spring Oaks were employee(s) and/or agents of Spring Oaks at all times mentioned herein.

32. The representative(s) and/or collector(s) at Spring Oaks were acting within the course and/or scope of their employment at all times mentioned herein.

33. The representative(s) and/or collector(s) at Spring Oaks were under the direct supervision and/or control of Spring Oaks at all times mentioned herein.

34. The actions of the representative(s) and/or collector(s) at Spring Oaks are imputed to their employer, Spring Oaks.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY SPRING OAKS CAPITAL, LLC

35. The previous paragraphs are incorporated into this Count as if set forth in full.

36. The act(s) and omission(s) of Spring Oaks and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d(5)&(6).

37. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Spring Oaks.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE BY SPRING OAKS CAPITAL, LLC

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. The act(s) and omission(s) of Spring Oaks and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.302(2)&(4).

40. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks actual damages, reasonable attorney's fees and costs from Spring Oaks.

41. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Spring Oaks enjoining it from future violations of the Texas Finance Code as described herein.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY SPRING OAKS CAPITAL, LLC

42. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Spring Oaks is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  Spring Oaks intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

43. Plaintiff suffered actual damages from Spring Oaks as a result of Spring Oaks's intrusion.

## COUNT IV:  IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF SPRING OAKS CAPITAL, LLC

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of Plaza and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.302(2)&(4) are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

46. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## JURY TRIAL DEMAND

47. Plaintiff is entitled to and hereby demands a trial by jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

48. Judgment in favor of Plaintiff and against Spring Oaks Capital, LLC as follows:

    a.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e.  An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    f.  Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    g.  Such other and further relief as the Court deems just and proper.

49. Judgment in favor of Plaintiff and against Travelers Casualty and Surety Company of America as follows:

    a.  Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403 to the extent of Spring Oaks's liability;

    b.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
209 Hubbard Dr.
Heath, TX 75032
TEL:  214-914-8374
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff

8